FILED
SUPERIOR COURT
OF GUAM

2018 MAY 25 PM 3: 11

CLERK OF COURT

BY:_____

## IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| JOHNNY S.N. QUINTANILLA,<br><br>Plaintiff,<br><br>v.<br><br>GUAM POLICE DEPARTMENT and GOVERNMENT OF GUAM,<br><br>Defendants. | CIVIL CASE NO. CV0800-16<br><br>**DECISION AND ORDER ON PLAINTIFF'S MOTION TO ENFORCE SETTLEMENT OR FOR ALTERNATE RELIEF** |

## INTRODUCTION

This matter came before the Honorable Michael J. Bordallo upon the Plaintiff's Motion to Enforce Settlement or for Alternate Relief filed on February 22, 2018 ("Motion to Enforce Settlement"). The Defendants' Motion for Summary Judgment filed on February 16, 2018 ("Motion for Summary Judgment") is also pending before this Court. Plaintiff Johnny S.N. Quintanilla ("Plaintiff") is represented by Attorney William L. Gavras. Defendants, Guam Police Department and the Government of Guam (collectively, "the Defendants"), are represented by Assistant Attorney General R. Happy Rons. Having considered the moving papers, arguments, record, and applicable law, the Court issues the following Decision and Order granting Plaintiff's Motion to Enforce Settlement and staying the Defendants' Motion for Summary Judgment pending further proceedings.

# BACKGROUND

On September 21, 2017, the Defendants, through their attorney, made an offer to settle the Plaintiff's personal injury lawsuit. The settlement offer provided in relevant part:

> We have received authorization to settle the above referenced matter for the sum of $80,000, subject to: (1) approval by the Governor; (2) proof from Mr. Quintanilla that he has settled all outstanding liens (e.g., by medical providers, hospitals, & etc.) against him arising out of injuries he allegedly sustained as set forth in the complaint in the above matter; and (3) execution by Mr. Quintanilla of a Release and Settlement Agreement, and a Stipulated Dismissal Order with Prejudice.

Gavras Decl. Ex. A; Rons Decl. Ex. A.

Thereafter, Plaintiff's attorney made an oral counteroffer to settle the case for One Hundred Thousand Dollars ($100,000.00). Gavras Decl., ¶ 2; Rons Decl., ¶ 5.On December 15, 2017, the Defendants' attorney, in response, accepted the Plaintiff's counteroffer stating, "[w]e have approval for $100K – so we accept that counteroffer from your client." Id. In the same correspondence, the Defendants' attorney noted that certain settlement terms remained unresolved, namely, the issue regarding Plaintiff's outstanding liens and whether the settlement funds would be deposited with the Court.[1] Gavras Decl. Ex. B; Rons Decl. Ex. B. Approximately an hour later, the Defendants' attorney sent a follow-up email clarifying that their acceptance of the new settlement agreement amount was contingent upon the Governor's approval. Rons Decl. Ex. B. In response, Plaintiff's attorney stated, "[n]ow we need to agree on the procedure with the money . . . so, if the powers at be at your place agree to the deposit with the court . . . [a]nd my client agrees, we have a deal." Rons Decl. Ex. C. There were no further discussions regarding the liens issue or whether the settlement funds would be deposited with the Court.

---

[1] During settlement negotiations, the Plaintiff proposed depositing the settlement funds with the Court pending resolution of the issue regarding his legal obligations to reimburse Medicaid. Specifically, whether the Plaintiff owes money out of any settlement proceeds to Medicaid. Opp'n at 2-3 (Mar. 22, 2018). Plaintiff was a Medicaid recipient during the time he was treated for his injuries that allegedly resulted from the events giving rise to this personal injury lawsuit. Id.

On December 21, 2017, the Plaintiff filed an *Ex Parte* Motion to Enforce Settlement or For Alternate Relief. The Court, however, finding that the relief sought by Plaintiff was not a proper *ex parte* matter, denied the Plaintiff's request. Order (Jan. 5, 2018). Consequently, on February 22, 2018, the Plaintiff filed this instant motion, requesting that the Court enforce the settlement agreement between the parties that the Defendants allegedly repudiated. Gavras Decl., ¶ 4. The Defendants filed their Opposition to the Plaintiff's Motion on March 22, 2018. The Plaintiff did not reply. On April 4, 2017, the Court took this matter under advisement.

## DISCUSSION

General contract principles apply to the interpretation of settlement agreements. Blas v. Cruz, 2009 Guam 12 ¶ 11 (citing Leon Guerrero v. Moylan, 2000 Guam 28 ¶¶ 8-9). Therefore, in order to prove the existence of a settlement agreement, a movant must establish the essential elements of a contract: offer, acceptance, consideration. Blas, at ¶ 18 (citing 18 GCA § 85102). This includes "mutual assent to the terms essential to the formation of a contract." Sharrock v. McCoy, 2016 Guam 7 ¶ 95 (quoting *Ex parte* Grant, 711 So.2d 464, 465 (Ala. 1997)); see Mobil Oil Guam, Inc. v. Tendido, 2004 Guam 7 ¶ 34 ("In order to meet their burden in establishing the existence of a contract, . . . plaintiffs must show: an offer encompassing all essential terms, unequivocal acceptance by the offeree, consideration, and an intent to be bound." (internal quotations omitted)). The consent of the parties to a contract must be free, mutual, and communicated by each to the other. 18 GCA § 85301. If the parties do not agree upon the "same thing in the same sense," then consent is not mutual. See 18 GCA § 85316. Moreover, the "essential terms in the offer need only be reasonably certain" for a contract to be formed upon acceptance. Mobil, 2004 Guam 7 ¶ 34 (citing Charbonnages de France v. Smith, 597 F.2d 406, 417 (4th Cir. 1979)).

Here, Plaintiff moves the Court to enforce a settlement agreement purportedly effectuated between the parties upon the Defendants' acceptance of Plaintiff's counteroffer. Specifically, Plaintiff argues that when the Defendants' approved and accepted the new settlement amount, all the essential terms of the offer had been agreed to except the issue regarding the liens payout and whether the funds would be deposited with the court. These

issues, Plaintiff maintains, are "subordinate details of performance" that do not render the settlement agreement unenforceable. Mot. at 2 (Feb. 22, 2018). The Defendants, on the other hand, argue that the parties never reached an agreement. Specifically, the Defendants argue that there is no agreement to enforce because a settlement agreement was never drafted and there was no intent to bind the parties until an agreement was signed by all necessary signatories. Further, the Defendants assert that the parties never satisfied all the terms of the offer because the issue regarding Plaintiff's outstanding liens remained unresolved. These conditions, the Defendants' maintain, were made known to the Plaintiff upon Defendants' acceptance of the new settlement amount.

The Court finds that the parties entered into an enforceable agreement when the Defendants' accepted Plaintiff's counteroffer. Although the Defendants' acceptance was contingent upon a written agreement signed by all necessary signatories, the essential terms of the offer – Defendants to pay $100,000 to Plaintiff, Plaintiff to pay all liens, execution of the settlement agreement and dismissal, and the Governor's signature – were all agreed to and accepted by the parties. Before Plaintiff made a counteroffer, both parties agreed that all the terms of the initial offer were acceptable, that the Plaintiff would pay all liens, and that the Governor's signature was required. Whether the settlement funds would be deposited with the Court pending resolution of the liens issue is not an essential term necessary to the formation of the settlement agreement. Thus, because all of the essential terms have been agreed to and accepted by the parties, the Court finds that the settlement agreement is enforceable and **GRANTS** Plaintiff's Motion to Enforce Settlement. The Court orders the Defendants to use their best efforts to satisfy the conditions set forth in the agreement and to complete the settlement in a timely matter. Further, the Court will hold in abeyance the Defendants' Motion for Summary Judgment Motion pending further order by the Court.

/ /

/ /

/ /

/ /

## CONCLUSION

For the reasons set forth above, the Court **GRANTS** the Plaintiff's Motion to Enforce Settlement or Alternate Relief and **ORDERS** a stay on the Defendants' Motion for Summary Judgment pending further order by the Court.

**IT IS SO ORDERED** this 25 day of _____.

_____

**HONORABLE MICHAEL J. BORDALLO**

**Judge, Superior Court of Guam**

SERVICE VIA COURT P...

I ............... that a co... of the
original h......... was p......... in the
cou......